20-CV-09493 (LTS)(SDA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO GIL-CABRERA,

                                                            Plaintiff,

                          -against-

CITY OF NEW YORK, CYNTHIA BRANN, PATSY
YANG, MARGARET EGAN,

                                                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*

Attorney for Defendants City of New York,
Cynthia Brann, Patsy Yang, and Margaret
Egan
100 Church Street
New York, New York 10007
ckruk@law.nyc.gov

Of Counsel:  Carolyn Kruk
Tel: (646) 939-7631
Matter No.: 2020-002483

## PRELIMINARY STATEMENT

Plaintiff Ricardo Gil-Cabrera, a pre-trial detainee and inmate currently in the custody of the New York City Department of Correction (DOC), brings this action against the City of New York (the "City"), DOC Commissioner Cynthia Brann, "Health Director Commissioner" Patsy Yang, and New York City Board of Correction (BOC) Executive Director (ED) Margaret Egan (together, the "Defendants"). Plaintiff alleges that the conditions at DOC's Vernon C. Bain Center (VCBC) have been and are unsafe due to the COVID19 pandemic. In particular, Plaintiff alleges that Defendants are violating his rights under the 14th Amendment Equal Protection Clause, and 8th Amendment's prohibition against cruel and unusual punishment. He seeks compensatory and punitive damages, and his release from DOC custody.

Defendants bring the instant motion to dismiss some but not all of the claims Plaintiff alleges in his Second Amended Complaint. *See* Dkt No. 10 (hereinafter, the "Complaint"). In particular, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to partially dismiss Plaintiff's Complaint.[1] In particular, Defendants move to dismiss Plaintiff's 14th Amendment Equal Protection claim fails because he does not allege that he is a member of a protected class or that he was treated differently than any other inmate. Plaintiffs claims the individual Defendants should be dismissed on the grounds that Plaintiff fails to sufficiently allege the individual Defendants' personal involvement in the alleged violations, and brings official-capacity claims against Commissioner Brann and ED Egan that are duplicative of his claims against the City. Additionally, Plaintiff's claims against H+H's Patsy Yang should be dismissed because he does not allege any unconstitutional H+H policy or practice. Additionally,

---

[1] Defendants do not move to dismiss Plaintiff's conditions of confinement claim, which he describes as claim brought pursuant to the 8th Amendment but would fall under the 14th Amendment due to his status as a pretrial detainee.

Lastly, Plaintiff's request for punitive damages against the City and the individual Defendants in their official capacities should be dismissed as because punitive damages are not available against a municipality or individuals in their official capacity. Plaintiff's request to be released from DOC should be dismissed because he failed to exhaust available state court remedies.

## STATEMENT OF RELEVANT FACTS

Plaintiff Ricardo Gil-Cabrera, a pre-trial detainee in DOC's custody with asthma, alleges that Defendants Brann, Yang[2], Egan and the City of New York violated his rights under the 8th and 14th Amendments in connection with DOC's response to COVID19 at VCBC between September 22 and December 26, 2020. *See* Compl. ¶ Sections I-IV (ECF pp. 2-8).

Plaintiff alleges that the individual Defendants "acknowledged the legal inside gathering mandates set" by Governor Cuomo and Mayor de Blasio of "50% and also social distancing" but that such is not being implemented in Plaintiff's housing area. *Id*. ECF p. 4. Plaintiff's housing area is an "open dorm setting" with beds located 3-4 inches apart, and 3-4 feet across from each other. *Id*. Plaintiff alleges there are "zero safety nets or guards of dividers" separating the beds. *Id*. Plaintiff alleges that his dorm, 2AB, which can house 50 inmates, has maintained a capacity of between 40 and 50. Plaintiff also alleges that he shares sinks, toilets and showers with those in his housing area. *Id*. He alleges that he made a complaint to 311. *Id*.

Plaintiff alleges that Defendants allow or should have known that new admissions are not being properly screened for COVID19. *Id*. He alleges that they conduct tests "but do not wait for the results to come back after 3 days". *Id*. Plaintiff claims that Defendants were deliberatively indifferent, careless, or reckless in intentionally ignoring or covering up these acts,

---

[2] Patricia Yang is the Senior Vice President for Correctional Health Services, a division of New York City Health + Hospitals. *See* https://www.nychealthandhospitals.org/leadership/patricia-yang/ (last visited April 23, 2021).

and the failure to implement Governor Cuomo and May De Blasio's mandates. *Id.* at pp. 4-5. He appears to allege that there is inadequate social distancing in the form of maintaining "6 feet between each person to slow the spread of COVID19". *Id.* Plaintiff alleges that his health problem of asthma make it "more dangerous if [he] contracts" the COVID19 virus. *Id.* at p. 5. He alleges that he is "being denied the same safety guards of social distancing and 50% capacity of indoor gathering that people outside of jail are receiving." *Id.* Plaintiff alleges that he is scared not knowing if he will wake up tomorrow or not. *Id.*

Plaintiff seeks compensatory and punitive damages of $250,000 each. *Id.* at pp. 5-6. He also requests his release from DOC custody and "a court appearance date outside of jail" due to his alleged vulnerability to the deadly virus due to his asthma. *Id.*

## STANDARD OF REVIEW

A motion to dismiss should be granted where a complaint pleads insufficient facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations of the complaint must be more than speculative, and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Furthermore, while courts are "obligated to construe *pro se* complaints liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), regardless of any leniency afforded to such complaints, "the *Twombly-Iqbal* standard applies equally to *pro se* litigants." *Ohuche v. Merck & Co.*, 11-CV-2385, 2011 U.S. Dist. LEXIS 73904, at *4 (S.D.N.Y. July 7, 2011).

# ARGUMENT

## POINT I

### PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM.

To state a 14th Amendment equal protection claim "a plaintiff must allege purposeful discrimination directed at an identifiable or suspect class or that, as a class of one, he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Braxton v. City of New York*, 17-CV-00199, 2018 U.S. Dist. LEXIS 215168, at *30-31 (S.D.N.Y. Dec. 20, 2018) (quotation and citation omitted), R&R adopted, 368 F. Supp. 3d 729 (S.D.N.Y. Mar. 15, 2019)).

In this case, however, Plaintiff alleges that all inmates are treated in the same in connection with DOC's response to COVID-19, but that he is treated differently than people who are not in DOC's custody. However, "inmates are not, by virtue of being inmates, members of a protected class." *Lopes v. Westchester Cty.*, 18-CV-8205, 2020 U.S. Dist. LEXIS 223207, at *28, 2020 WL 7029002 (S.D.N.Y. Nov. 20, 2020) (quoting *Randolph v. DOCCS*, 17-CV-700, 2018 U.S. Dist. LEXIS 156429, 2018 WL 4374006, at *5 (S.D.N.Y. Sept. 13, 2018)).

Furthermore, Plaintiff does not allege that he was treated differently on an impermissible basis, compare himself to any other inmate, or allege that he has been intentionally treated differently from other similarly situated inmates. *Id*. Rather, Accordingly, as Plaintiff does not allege that he is a member of a protected class his equal protection claim should be dismissed.

## POINT II

### PLAINTIFF DOES NOT ALLEGE SUFFICIENT PERSONAL INVOLVEMENT BY INDIVIDUAL DEFENDANTS BRANN, YANG, OR EGAN.

Even if Plaintiff's Complaint does not violated Rule 8, Plaintiff's claims against the individual Defendants should be dismissed because he failed to sufficiently allege their personal involvement in the alleged constitutional deprivations. Indeed, it is axiomatic that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a [§] 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, 04-CV-7263, 2008 U.S. Dist. LEXIS 25900, at \*6 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)). Furthermore, the Second Circuit has held that the personal involvement of a supervisory defendant may be shown where she (i) participated directly in the alleged constitutional violation, (ii) after being informed of the violation through a report or appeal, failed to remedy the wrong; (iii) created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (iv) was grossly negligent in supervising subordinates who committed the wrongful acts, or (v) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Vann v. Fischer*, 11-CV-1958, 2014 U.S. Dist. LEXIS 118247, at \*21 (S.D.N.Y. Aug. 25, 2014) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Plaintiff makes only single mention of Defendants Brann, Yang, or Egan in the body of his Complaint. That is, he alleges that they "acknowledged the <u>legal</u> inside gathering <u>mandates</u> set" by Governor Cuomo and Mayor de Blasio "of 50%" and also social distancing. Compl. at ECF p. 4 (emphasis in original). However, there are no allegations that the individual Defendants personally participated in the wrongs alleged in Plaintiff's Complaint, nor are there any allegations of a causal connection between the individual Defendants' conduct of merely

"acknowledging" the Governor and Mayor's executive orders concerning social distancing and indoor capacity, and any alleged constitutional violations. Thus, Plaintiff's claims against the individual Defendants in their individual capacities should be dismissed for failing to allege sufficient personal involvement. *Shepherd v. Fisher*, 08-CV-9297, 2011 U.S. Dist. LEXIS 84110, 2011 WL 3278966, at \*4 (S.D.N.Y. July 27, 2011) (finding no personal involvement where the complaint did not allege that the defendant "was directly responsible for the provision of religious meals . . . or played any other role in the alleged deprivation").

### POINT III

### PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED.

To the extent that Plaintiff intends to sue the individual Defendants in their official capacities, his claims against Defendants DOC Commissioner Brann and BOC ED Egan should be dismissed as they are duplicative of Plaintiff's claims against the City. *See, e.g., Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71 (1989) (holding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself."); *Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir. 2010) ("[I]n a suit against a public entity, naming officials of the public entity in their official capacities 'add[s] nothing to the suit'") (quoting *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 466 (7th Cir. 2001)); *Haynes v. City of New York*, 2020 U.S. Dist. LEXIS 151193, \*24 at n.23, 2020 WL 4926178 (S.D.N.Y. Aug. 20, 2020); *Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 385 at n.35 (S.D.N.Y. 2012) ("Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as

redundant."). Accordingly, any official capacity against Defendants Brann and Egan should be dismissed because they are duplicative of his claims against the City.

Moreover, to the extent that Plaintiff intends to sue Defendant Yang in her official capacity, his claims against her are treated as claims against H+H. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipality is liable under § 1983 only if the deprivation occurs by reason of "policy or custom." *Id*. at 694. A bare allegation of the existence of a policy or custom is insufficient. *See Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order). Here, Plaintiff fails to plead any "facts suggesting [a] policy's existence" with respect to her employer, H+H. *Id*. Indeed, Plaintiff does not mention H+H in the body of his Complaint, or allege that she acted pursuant to any adopted "policy or custom". Accordingly, Plaintiff's official capacity claims against Defendant Yang should also be dismissed.

## POINT IV

### PUNITIVE DAMAGES ARE NOT AVAILABLE AGAINST THE CITY OF NEW YORK OR THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES.

Plaintiff's claims for punitive damages against the City and the individual Defendants sued in their official capacities should be dismissed as municipalities may not be liable for punitive damages. *See Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981) (holding that municipalities are immune from punitive damages under 42 U.S.C. § 1983 based on a finding that immunity is compatible with the purposes of § 1983 and general principles of public policy). *See also Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 254, 256-57 (2d Cir. 2005) (acknowledging the general rule that "no punitive damages are allowed [against municipalities] unless expressly authorized by statute"). Accordingly, Plaintiff's claims for punitive damages against the City and the individual Defendants in their official capacities should be dismissed.

## POINT V

### PLAINTIFF FAILED TO EXHAUST STATE COURT REMEDIES THUS HIS REQUEST FOR RELIEF IN THE FORM OF HIS RELEASE FROM DOC CUSTODY SHOULD BE DISMISSED.

As relief, Plaintiff seeks, among other things, release "from the control, custody and care of the government." Compl. at p. 5. His request should be dismissed, however, because he failed to exhaust his state remedies before seeking relief in this Court.

As a pre-trial detainee, Plaintiff's request for release from DOC custody is analyzed under 28 U.S.C. § 2241. *See Griffin v. Warden of Otis Bantum Corr. Ctr.*, 20-CV-1707, 2020 U.S. Dist. LEXIS 42237, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020) ("A petition for a writ of habeas corpus under § 2241 is generally considered the proper vehicle for a state pretrial detainee who argues that he is in custody in violation of the Constitution or federal law.") (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2157 n.6, 204 L. Ed. 2d 506 (2019)). Indeed, courts have held that an action under Section 1983 is not the proper vehicle for seeking release from custody. *Griffin*, 2020 U.S. Dist. LEXIS 42237, *5 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973))

"Section 2241 does not include an explicit exhaustion requirement, but a person seeking relief under Section 2241 nevertheless must exhaust state remedies before seeking relief in federal court." *Gray v. Howard*, 20-CV-1009, 2020 U.S. Dist. LEXIS 239634, *5, 2020 WL 7491273 (W.D.N.Y. Dec. 21, 2020) (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. § 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.") and

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court," and noting that exhaustion doctrine pre-dated any statutory requirement)).

To exhaust state remedies, a plaintiff must "'present the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts)' and 'inform[s] that court (and lower courts) about both the factual and legal bases for the federal claim.'" *Nelson v. Hynes*, 12-CV-4913, 2013 U.S. Dist. LEXIS 7226, 2013 WL 182793, at *4 (E.D.N.Y. Jan. 17, 2013) (quoting *Ramirez v. Attorney Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001)). Requiring exhaustion in state court affords "the state court[] . . . the first opportunity to review [his] claim[s] and provide any necessary relief." *Gray*, 2020 U.S. Dist. LEXIS 239634, *8-9 (citing *O'Sullivan*, 526 U.S. at 844). *See also Rose v. Lundy*, 455 U.S. 509, 515 (1982) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."). Exhaustion also ensures that if Plaintiff's petition ends up back in federal court, it will "be accompanied by a complete factual record to aid [the Court] in [its] review." *Rose*, 455 U.S. at 519.

"Federal courts hear unexhausted Section 2241 claims only if the petitioner either 'establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice.'" *Gray*, 2020 U.S. Dist. LEXIS 239634, *6 (quoting *Adams v. Canty*, 14-CV-2611, 2014 U.S. Dist. LEXIS 77546, 2014 WL 2566913, at *1 (E.D.N.Y. June 6, 2014)).

Here, Plaintiff did not – and does not allege – that he exhausted his COVID-19 claim in state courts. Because he did not exhaust, he may proceed in this Court only if he demonstrates (1) a reason for his failure to exhaust, plus prejudice, or (2) that this Court's failure

9

to consider his claim would be fundamentally unjust. He demonstrates neither. Indeed, Plaintiff does not – and cannot – allege that state courts are unavailable to him. Under these circumstances, he must present his request for release in connection with the pandemic to state courts to consider – as other detainees in DOC's custody have done. *See, e.g., People ex rel. Stoughton v. Brann*, 67 Misc. 3d 629, 122 N.Y.S.3d 866 (Sup. Ct. N.Y. Cty. 2020) (ordering release of 18 "at-risk" prisoners in a due process challenge by 32 petitioners detained at Rikers Island).

Additionally, even if Plaintiff had properly exhausted his state remedies – or no such requirement existed – Plaintiff still has not alleged sufficient harm to warrant the relief he requests — his release from custody. He does not, for instance, allege that he has contracted coronavirus or that anyone housed in his dorm area has contracted the virus. Nor does he allege, in any concrete terms, that his risk of contracting the virus is so extreme that immediate release is appropriate. *See, e.g., Riley v. United States*, 19-CV-1522; 2020 U.S. Dist. LEXIS 64513, * 20 (W.D. Wash., Apr. 10, 2020) (noting that, in the context of the compassionate release provision of § 3582(c)(1), release is not authorized based on the mere elevated risk of contracting a pandemic virus). Accordingly, Plaintiff's request for release from DOC custody should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their partial motion to dismiss Plaintiff's Complaint, with prejudice, and grant such further relief the Court deems just.

Dated:       New York, New York
             April 23, 2021

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York,
Commissioner Cynthia Brann, and
100 Church Street, Room 2-192
New York, New York 10007
Office: (212) 356-0893
Cell: (646) 939-7631
ckruk@law.nyc.gov

By:        s/
          _____
          Carolyn Kruk
          Assistant Corporation Counsel

11